| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| Sevan Gorginian, Esq. (SBN 298986)<br>Law Office of Sevan Gorginian<br>450 North Brand Blvd. Suite 600<br>Glendale, CA 91203<br>T: 818-928-4445 I F: 818-928-4450<br>sevan@gorginianlaw.com | |
| ☐ *Plaintiff(s) appearing without attorney*<br>☒ *Attorney for Plaintiff(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>KHURRAM MOHAMMED,<br><br><br>                                   Debtor(s). | CASE NUMBER: 2:20-bk-14552-ER<br><br>ADVERSARY NUMBER: 2:20-ap-01168-ER<br><br>CHAPTER: 7 |
|---|---|
| MUNNI ALVI IRONE, dba Arts 4 Peace Awards,<br><br><br>                                   Plaintiff(s),<br><br>                    vs.<br><br>KHURRAM MOHAMMED, aka FESI KHURRAM, aka SUNNY MOHAMMAD FESSI,<br><br><br>                                   Defendant(s). | **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT UNDER LBR 7055-1**<br><br>DATE: *TBD*<br>TIME: *TBD*<br>COURTROOM: *1568*<br>ADDRESS:<br><br>*No Hearing Required Unless Opposition Filed [LBR 9013-1(o)*<br>*See Notice Accompanying Motion for Default Judgment* |

**TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES:**

1. Name of Defendant(s) against whom default judgment is sought (*specify name*): _____
   KHURRAM MOHAMMED, aka FESI KHURRAM, aka SUNNY MOHAMMAD FESSI

2. Plaintiff filed the complaint in the above-captioned proceeding on (*specify date*): 07/30/2020

3. The Summons and Complaint were served on Defendant by   ☒ personal service   ☐ mail service
   on the following date (*specify date*): 08/11/2020

4. A true and correct copy of the completed return of summons form is attached.

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure.  "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5.  The time for filing an answer or other response expired on (*specify date*): 09/02/2020

6.  No answer or other response has been filed or served by Defendant.

7.  The default of Defendant:

    a.  ☐  Has not yet been entered, but is requested

    b.  ☒  Was entered on (*specify date*): 01/04/2021

8.  **A Status Conference:**

    a.  ☒  Is scheduled for (*specify date, time, and place*): Status Conference vacated per Court order
        (doc. 28), previously scheduled for November 18, 2020 at 10:00 a.m., courtroom 1568

    b.  ☐  Was held on (*specify date, time, and place*): 255 East Temple Street, Los Angeles, CA 90012.

9.  As proof that Plaintiff is entitled to the relief requested in the complaint, Plaintiff:

    a.  ☒  Relies on the complaint and attached documents.

    b.  ☒  Attaches the following documents to establish a *prima facie* case:

        (1)  ☒  Declaration of *(specify)*: Munni Alvi Irone

        (2)  ☐  Declaration of *(specify)*: _____

        (3)  ☒  Other *(specify)*:  Request for Judicial Notice (filed separately) and Memorandum of Points & Authorities (below).

10. As further support for entry of a default judgment, Plaintiff submits a memorandum of points and authorities (optional).

11. **DECLARATION OF NON-MILITARY STATUS** (Servicemembers Civil Relief Act, 50 U.S.C. chapter 50 (§§ 3901-
    4043)).  The undersigned party or counsel declares under penalty of perjury, with respect to each Defendant against
    whom a default judgment is sought by this motion:

    a.  ☒  Defendant is not currently in military service.  The facts that support this statement are as follows (*see the
        court's website for information about how to verify non-military status*):

        Plaintiff's counsel searched Defendant's name and alias names and did not find any support that the
        Defendant is in the military.

    b.  ☐  Defendant is currently in military service.  The facts that support this statement are as follows (*if this box is
        checked, the plaintiff must attach a supplement to this motion addressing the requirements in 50 U.S.C.
        § 3931(b)(2) to appoint an attorney for the Defendant before entering a judgment*):

    c.  ☐  I am unable to determine whether or not Defendant is in military service.  The facts that support this statement
        are as follows (*if this box is checked, the plaintiff must attach a supplement to this motion addressing the
        bond requirement in 50 U.S.C. § 3931(b)(3)*):

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

12. Defaulting party is not an infant or incompetent party.

Plaintiff requests that this court enter a default judgment in favor of Plaintiff.  A copy of the lodged proposed default judgment is attached.

Date: 02/25/2021

Respectfully submitted,

Law Office of Sevan Gorginian
Printed name of law firm

/s/ Sevan Gorginian
Signature

Sevan Gorginian
Name of Attorney for Plaintiff or Plaintiff

# EXHIBIT A  - Military Status Verification

# EXHIBIT B - Declaration of Plaintiff in support of Motion

# EXHIBIT C - Copy of Complaint/Summons Issued on Defendant

# EXHIBIT D - Copy of Proof of Service filed evidencing service of all pleadings on the Defendant.

# EXHIBIT E - Proposed Order Granting Motion for Default Judgment.

# EXHIBIT F - Costs relating to the Saban Theater Event

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2017                                    Page 3                          F 7055-1.2.DEFAULT.JMT.MOTION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

**A.  Procedural Background**

On February 26, 2020, Munni Alvi Irone, Plaintiff, filed a complaint against Khurram Mohammed, Defendant, in the United States District Court, Central District of California, case number 2:20-cv-01841-JFW-PVC. Plaintiff's complaint alleges trademark infringement, trademark dilution, unfair competition and false advertising, contributory trademark infringement, and vicarious trademark infringement.

About three months later, on May 18th, 2020, Defendant filed the underlying bankruptcy proceeding (2:20-bk-14552-ER). On July 30, 2020, Plaintiff filed the herein adversarial proceeding (2:20-ap-01168-ER). Defendant was served by personal service on August 11, 2020. The time for filing an answer expired on September 2, 2020. Defendant failed to file an answer (or responsive pleading). A default of Defendant was entered on January 4, 2020.

**B.  Brief Statement of Facts**

*Art 4 Peace Awards*

"Arts 4 Peace Awards" is Plaintiff's trademark. Plaintiff registered the trademark with the U.S. Patent and Trademark Office (USTPO) in 2019. See Exhibit "A" attached to the complaint for a copy of the trademark registration retrieved from the USPTO's Trademark Electronic Search System. Despite its 2019 registration, Plaintiff has been using the mark and "Art for Peace Awards" (without the "s" in Art*s*) since, at least, as early as 2016.

Memorandum

1

2

3

Plaintiff has devoted substantial time, effort, and resources to the development and extensive promotion of the "Arts 4 Peace Awards" trademark and the services offered thereunder.

4

5

6

7

8

9

As a result of these efforts, and Plaintiff's long term/widespread use of the mark[1], the public has come to recognize and rely upon the "Arts 4 Peace Awards" mark as an indication of the high quality, reliability, and trustworthiness associated with Plaintiff's brand. "Arts 4 Peace Awards" enjoys a high degree of consumer recognition and has become a famous mark.

10

*The Defendant: Khurram Mohammed*

11

12

Plaintiff first met Defendant sometime in 2015, but it was not until later in 2018 that Plaintiff felt comfortable doing business with Defendant.

13

14

15

16

Defendant appeared to share the same values as Plaintiff and Defendant made certain representations to entice a business relationship. Defendant stated he knew people in Bollywood and knew an investor who wanted to invest in a business venture.

17

*Defendant's Action: The Saban Theater Event*

18

19

Sometime around June 2018, Defendant and Plaintiff verbally agreed to organize an event at the Saban Theater located in Beverly Hills.

20

21

22

23

Defendant and I also verbally agreed that I was entitled to 10% of the ticket sales from this *Saban Event*. Ticket sales also include fees from movies submitted for awards and monies from people wanting to advertise at the event.

24

25

26

27

_____

28

[1] via internet, television, radio, print, unsolicited media coverage

Memorandum

1
2
3

The event would be held by both Plaintiff's organization "Arts 4 Peace Awards," and Defendant's organization "Family Film Awards." The event was to be held on October 28, 2018. Issues began to arise prior to the event.

4
5
6
7
8
9
10

First, Defendant claimed he did not have the necessary funds to make the deposit securing the Saban venue. Defendant asked Plaintiff to pay the $8,709.69 deposit, and that he (Defendant) would reimburse her later. Second, Defendant asked Plaintiff to pay $2,300 for software, and an additional $3,000 to open a bank account which proceeds from ticket sales would be deposited. See Exhibit "B" attached to the complaint for a copy of the $3,000.00 check made out to "World Film Festival."

11
12
13
14
15

A few days prior to the event (October 28, 2018), the situation deteriorated further. Defendant told Plaintiff he did not want to do the event, walked out on Plaintiff, and turned around and directed the crowd, who purchased tickets to the scheduled event, to another venue in Cerritos. Plaintiff was unaware of this *Cerritos Event.*

16
17
18
19
20
21
22
23

Defendant used Plaintiff's "Arts 4 Peace Awards" for his event in Cerritos and funneled all ticket purchases collected to an account inaccessible to Plaintiff. Plaintiff believes Defendant collected approximately $250,000 from ticket sales. Defendant appropriated the entirety of the ticket sales and funneled the monies to an account inaccessible to Plaintiff. Plaintiff believes the monies were funneled to an account held by Defendant in India. Plaintiff did not receive any monies from the ticket sales of the *Saban Event.*

24
25
26
27
28

Plaintiff, on the other hand, had to go through with the *Saban Event* and incurred approximately $66,000 in debt as a result, consisting of $46,395.00 for the cost of the production and $19,492.48 for the cost of the venue itself. See Exhibit "F" attached to this

Memorandum

Motion for Default Judgment for spreadsheets evidencing the cost of production and the

venue cost itself, including a check for the deposit for the venue.

### *Defendant's Actions: The Trademark*

Since as early as 2018, Defendant has been using Plaintiff's organization's name,

"Arts 4 Peace Awards," to promote Defendant's own business without authorization of

Plaintiff and at Plaintiff's expense.

1. Defendant used "Arts 4 Peace Awards" to promote Defendant's Cerritos event

   described above.

2. Defendant has an online presence under the domain name

   "art4peaceawards.com." Plaintiff's domain name is art4peaceawards.org. The

   difference is in the suffix (Defendant's ".com" versus Plaintiff's ".org"). Defendant's

   domain "art4peaceawards.com" is registered through GoDaddy, Inc.

3. Defendant has been running advertisements online (including search engine)

   using "Arts 4 Peace Awards" or variations thereof.

4. Defendant has filed Articles of Incorporation under "Art World 4 Peace Award Los

   Angeles" Again, Plaintiff's organization is "Arts 4 Peace Awards." See Exhibit "C"

   attached to the complaint for a copy of Statement of Information and Articles of

   Incorporation retrieved from the California Secretary of State.

Plaintiff believes that Defendant has been using Plaintiff's "Arts 4 Peace Awards"

online and other avenues to lure Plaintiff's established and potential clients away from

Plaintiff and towards his own organization.

Plaintiff has sent cease and desist letters to Plaintiff to no avail. Defendant

continues to use Plaintiff's trademark or similar variations thereof without authorization.

Memorandum

**II.**

**THE MOTION SHOULD BE GRANTED AND JUDGEMENT ENTERED FOR PLAINTIFF**

Plaintiff has devoted substantial time, effort, and resources to the development and extensive promotion of Plaintiff's "Arts 4 Peace Awards." Through Plaintiff's efforts, Plaintiff's mark has accumulated intangible attributes such as reliability, reputation, high quality, recognition, goodwill, and related qualities. These qualities cannot be easily reduced to a monetary value, but are crucial to any business.

Defendant, without authorization, used "Arts 4 Peace Awards" to (1) promote his own Cerrito's event; (2) to establish an online presence; (3) to run advertisements online; (4) to file Articles of Incorporation under the mark.

Defendant's unauthorized use of Plaintiff's "Arts 4 Peace Awards" is tantamount to a transfer of the trademark and its intangible qualities and benefits. Defendant's unauthorized use has unjustly enriched Defendant at the expense of Plaintiff. Plaintiff is seeking redress in the form of the imposition of a constructive trust and injunctive relief under 11 U.S.C. § 105(a).

Additionally, Plaintiff seeks to have the Court find the debt owed to Plaintiff be nondischargeable under 11 U.S.C. § 523(a)(2), (4), or (6).

**A. Unjust Enrichment**

Under California law, the elements of unjust enrichment are: (1) receipt of a benefit; and (2) unjust retention of the benefit at the expense of another. See In re ConAgra Foods Inc., 908 F.Supp.2d 1090 (C.D. Cal. 2012).

Defendant received the benefits of his unauthorized use of Plaintiff's "Arts 4 Peace Awards" and its intangible qualities. Defendant benefited by using "Arts 4 Peace Awards":

1. To promote of his own Cerrito's event;

2.  To establish an online presence under the domain name "art4peaceawards.com." Plaintiff's domain name is art4peaceawards.org. The difference is in the suffix (Defendant's ".com" versus Plaintiff's ".org");

3.  To run advertisements online (including search engine) using "Arts 4 Peace Awards" or variations thereof;

4.  To file Articles of Incorporation under "Art World 4 Peace Award Los Angeles" Again, Plaintiff's organization is "Arts 4 Peace Awards." See Exhibit "C" attached to the complaint for a copy of Statement of Information and Articles of Incorporation retrieved from the California Secretary of State.

It is unjust for the Defendant to retain the benefits born from the unauthorized use of "Arts 4 Peace Awards" at the expense of the Plaintiff. First, Plaintiff did not authorize Defendant to use "Arts 4 Peace Awards." Second, Defendant's slight variations are indicative of purposeful deceptive design, rather than mere coincidence. The chart below is a side-by-side comparison.

| Plaintiff's Trademark | Defendant's Variants |
| --- | --- |
| art4peaceawards.org | art4peaceawards.com |
| Arts 4 Peace Awards | Art World 4 Peace Award Los Angeles |

Defendant has unjustly benefited from the continued unauthorized use of Plaintiff's "Arts 4 Peace Awards." Plaintiff is seeking redress by imposing a constructive trust and injunctive relief to recover Plaintiff's "Arts 4 Peace Awards" business name, trademark, and domain name.

**B. Constructive Trust**

"A constructive trust is an equitable remedy imposed to prevent unjust enrichment." Taylor Assocs. v. Diamant (In re Advent Mgmt. Corp.), 178 B.R. 480, 486

(9th Cir. BAP 1995), aff'd, 104 F.3d 293 (9th Cir. 1997). "In a constructive trust, a person who has engaged in fraud or other wrongful conduct holds only bare legal title to the property subject to a duty to reconvey it to the rightful owner." <u>F.T.C. v. Crittenden</u>, 823 F.Supp. 699, 703 (C.D. Cal. 1993), aff'd, 19 F.3d 26 (9th Cir. 1994).

"Under California law, a court may find that a constructive trust exists if it finds merely that 'the acquisition of property was wrongful and that the keeping of the property by the defendant would constitute unjust enrichment.'" Id. (quoting <u>Calistoga Civic Club v. City of Calistoga</u>, 143 Cal.App.3d 111, 116 (Ct. App. 1983)).

To impose a constructive trust, three conditions must be shown: "(1) a specific, identifiable property interest, (2) the plaintiff's right to the property interest, and (3) the defendant's acquisition or detention of the property interest by some wrongful act." <u>Higgins v. Higgins</u>, 11 Cal. App. 5th 648, 659 (2017), review denied (July 26, 2017).

Here, the property interest at issue is Plaintiff's "Arts 4 Peace Awards" trademark, business name, and domain name. Plaintiff has ben using the trademark since at least as early as 2016, and Plaintiff registered the trademark with the USTPO in 2019. Defendant usurped Plaintiff's "Arts 4 Peace Awards" to (1) promote his own Cerrito's event; (2) to establish an online presence; (3) to run advertisements online; (4) to file Articles of Incorporation under the mark.

As previously discussed, the Defendant's slight variations in the use of Plaintiff's trademark are indicative of purposeful deceptive design, rather than mere coincidence. This is especially so given Defendant's familiarity of Plaintiff's business through the course of their business dealings in the ill-fated *Saban Event*.

For Defendant to retain the benefits of the unauthorized use of Plaintiff's hard-established "Arts 4 Peace Awards" is unjust.

Finally, given Defendant's elusiveness and lack of participation in this adversarial proceeding, practical measures should also be implemented to effectuate Plaintiff's recapture of her trademark, business name, and domain name. Therefore, Plaintiff is also seeking injunctive relief under 11 U.S.C. § 105(a).

**C. Injunctive Relief**

Under 11 U.S.C. § 105(a), a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." While a constructive trust imposes a duty on Defendant to reconvey, its effectiveness as a remedy is contingent upon Defendant's compliance ("…a *duty* to reconvey it to the rightful owner…").

Defendant's domain "art4peaceawards.com" is registered through GoDaddy, Inc. Consequently, Plaintiff is seeking an order directing the domain name registrar, GoDaddy, Inc., to transfer the domain to Plaintiff.

Defendant is also seeking to enjoin Plaintiff from continued unauthorized use of Plaintiff's "Arts 4 Peace Awards" or variations thereof as domain names or any other manifestations.

**D. Non-Dischargeability**

By verbal agreement between Plaintiff and Defendant, Plaintiff was entitled to 10% of the ticket sales from the *Saban Event*. Defendant wrongfully appropriated the entirety of the ticket sales from the *Saban Event.* Plaintiff believes an estimated $250,000 in proceeds were funneled to an account inaccessible to Plaintiff. Moreover, Plaintiff believes these proceeds were funneled into an account held by Defendant in India.

Plaintiff also incurred substantial expenses. Defendant abandoned the *Saban Event* and directed attendants away from the *Saban Event* to his own *Cerritos Event*.

Memorandum

Plaintiff was unaware of the *Cerritos Event*. Plaintiff was left standing with the proverbial bag. Plaintiff had to go through with the *Saban Event*. As a result, Plaintiff incurred $65,887.45 in debt consisting of $46,395.00 for the cost of the production and $19,492.48 for the cost of the venue itself. See Exhibit "F" attached to this Motion for Default Judgment for spreadsheets evidencing the cost of production and the venue cost itself, including a check for the deposit for the venue.

While the exact dollar amount of the ticket proceeds and expenses incurred as a result of the *Saban Event* are unascertainable at this time, it is unjust for Defendant to discharge the debt owed to Plaintiff based upon his false representations, false pretenses, and his willful and malicious acts. It is unjust for Defendant to be rewarded for his actions to conceal, obscure, and hinder Plaintiff's ability to ascertain an exact dollar amount. It would be likewise unfair to hold Plaintiff to greater burdens foisted upon her by Defendant's methods; to completely uncover what the Plaintiff has concealed.

As such, Plaintiff seeks to have the Court find the debt owed to Plaintiff to be nondischargeable under 11 U.S.C. § 523(a)(2), (4), or (6).

A discharge of the debt owed by Defendant to Plaintiff will foreclose Plaintiff's attempt to recover in future state court proceedings or in the current pending district court case. Plaintiff is in essence seeking a comfort order to preserve her right to relief in other forums against the Defendant without the worry of a discharge injunction prohibiting it.

If Plaintiff procures a judgment with an ascertainable amount with the respects to the actions alleged in the complaint, the Plaintiff may then return and file an amendment judgment at a later time.

Memorandum

## III.

## CONCLUSION

Plaintiff prays for judgment as follows:

1. For a judgment that the debt owed to Plaintiff by Defendant is nondischargeable under 11 U.S.C. § 523(a)(2), (4), or (6), the total amount of which is unascertainable at the moment;

2. For a judgment in favor of Plaintiff and against Defendant for unjust enrichment;

3. For a judgment imposing a constructive trust on any and all property relating to Plaintiff's "Arts 4 Peace Awards" trademark, business name, and domain name appropriated by Defendant, in favor of Plaintiff;

4. For a judgment directing GoDaddy, Inc. to transfer the domain art4peaceawards.com to Plaintiff;

5. For a judgment enjoining Defendant from continued unauthorized use of Plaintiff's "Arts 4 Peace Awards" trademark, business name, and domain name; and

6. For such other relief as the Court deems just and proper.


Dated:  February 25, 2021                    /s/ Sevan Gorginian

                                             _____
                                             **Sevan Gorginian, Esq.**
                                             Plaintiff's Counsel

Memorandum

# EXHIBIT A
# MILITARY STATUS VERIFICATION



**Sevan Gorginian <sevan@gorginianlaw.com>**

---

## SCRA Verification Results - Servicemembers Civil Relief Act Centralized Verification Service

2 messages

---

**Servicemembers Civil Relief Act Centralized Verification Service**
<Support@servicememberscivilreliefact.com>
To: sevan@gorginianlaw.com

Fri, Oct 16, 2020 at 6:43 AM



| Name | Customer # | Case # | Tracking Number |
|------|-----------|--------|-----------------|
| MOHAMMED, KHURRAM | | Bankruptcy Adversary case number 2:20-ap-01347-ER | 202010110499 |

Based upon the information you supplied to us and our further research, as of October 11, 2020 ("Active Duty Status Date"), we report that there is no information in the Department of Defense Manpower Data Center ("DMDC") that indicates that the individual is in Active Duty Status. The Department of Defense reports that the information provided failed to match to a servicemember in its database.

Upon searching the data banks of the Department of Defense Manpower Data Center, based upon the information that you provided, the above is the status of the individual ("Subject") on the Active Duty Status Date, as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for active duty.

Affidavit: You opted not to purchase an affidavit. You may order one here. In the future, you can order an affidavit at the check-out screen or you can change the default settings for affidavits in "My Account" to include it in all future orders.

Servicemembers Civil Relief Act Centralized Verification Service

Roy L. Kaufmann
Managing Director
Servicemembers Civil Service Relief Act Verification Service Roy L. Kaufmann, Authorized Signatory
Date: 10/16/2020
For support: Support@ServicemembersCivilReliefAct.com or Support@SCRA.com

This report is based upon information that you have provided. Providing an erroneous name, social security number, date of birth or other information may cause an erroneous report to be provided. If you obtain further information about the person you may resubmit your request and we will provide new status report for that query. This response reflects status as of Active Duty Status Date only. For historical information, please resubmit your inquiry with a different Active Duty Status Date or contact the individual Military Service SCRA points-of-contact:https://www.ServicemembersCivilReliefAct.com/live/link/points-of-contact.php . If you have evidence that the individual is/was on active duty as of the Active Duty Status Date and you fail to obtain this additional information, punitive provisions of the SCRA may be invoked against you. E.g. USC Section 3951(c).

# EXHIBIT B
# DECLARATION IN SUPPORT OF MOTION

1  | Sevan Gorginian, Esq. (SBN 298986)
2  | **Law Office of Sevan Gorginian**
   | 450 North Brand Boulevard, Suite 600
3  | Glendale, California 91203
   | **Tel**: 818.928.4445 | **Fax**: 818.928.4450
4  | **Email**: sevan@gorginianlaw.com
5  | Attorney for Plaintiff
6
7  |              **UNITED STATES BANKRUPTCY COURT**
8  |               **CENTRAL DISTRICT OF CALIFORNIA**
9  |                 **LOS ANGELES DIVISION**
10
11 | In re:                                    ) Case No.: 2:20-bk-14552-ER
   |                                           )
12 | Khurram Mohammed, dba Arts 4 Peace        ) Chapter: 7
   | Awards,                                   )
13 |                                           ) Adv. No.: 2:20-ap-01168-ER
   |                          Debtor(s).       )
14 | _____  )
15 |                                           ) **DECLARATION OF MUNNI ALVI**
   | Munni Alvi Irone,                         ) **IRONE IN SUPPORT OF HER**
16 |                                           ) **DEFAULT JUDGMENT**
17 |                          Plaintiff,       )
   |                                           )
18 |              v.                           )
   |                                           )
19 | Khurram Mohammed aka Fesi Khurram         )
20 | aka Sunny Mohammad Fessi,                 )
   |                                           )
21 |                          Defendant.       )
22 | _____  )
23 |              **DECLARATION OF MUNNI ALVI IRONE**
24 |      I, <u>Munni Alvi Irone</u> , hereby declare:
25 |    1.  I am the Plaintiff in this adversary against Khurram Mohammed aka Fesi
26
27 | Khurram aka Sunny Mohammad Fessi ("Defendant"). I reside at 1646 Acorn Ln,
28

- 1 -

Glendora, CA 91741-3001. I am over the age of 18 and if called as a witness, I could

and would testify the same thereto.

<u>*Preliminary Matters*</u>

2.   On February 26, 2020, I filed a complaint against Defendant, in the United States

District Court, Central District of California, case number 2:20-cv-01841-JFW-PVC. My

complaint alleges trademark infringement, trademark dilution, unfair competition and

false advertising, contributory trademark infringement, and vicarious trademark

infringement.

3.   About three months later, on May 18th, 2020, Defendant filed the underlying

bankruptcy proceeding (2:20-bk-14552-ER).

4.   Defendant is now and at all times relevant to the bankruptcy case, an individual

residing in Los Angeles County in the State of California.

5.   Defendant filed the bankruptcy case subjecting himself to the jurisdiction of this

Court with personal residence located at 640 E. Imperial Avenue, Apartment 8, El

Segundo, CA 90245.

6.   Defendant's filed Schedule E/F, part 3: "List Others to Be Notified About a Debt

That You Already Listed" lists my name and makes reference to the district court case

above.

7.   I am a creditor against the estate and the Defendant at the time this bankruptcy

case was filed. As such, I have standing to bring this adversary proceeding.

8.   On July 30, 2020, I filed the herein adversarial proceeding (2:20-ap-01168-ER).

Defendant was served by personal service on August 11, 2020. The time for filing an

answer expired on September 2, 2020. Defendant failed to file an answer (or responsive

pleading).

9.  A default of Defendant was entered on January 4, 2020.

### *Arts 4 Peace Awards*

10. "Arts 4 Peace Awards" is my trademark. I registered the trademark with the U.S.

Patent and Trademark Office (USTPO) in 2019. See Exhibit "A" attached to the

complaint for a copy of the trademark registration retrieved from the USPTO's

Trademark Electronic Search System. Despite its 2019 registration, I have been using

the mark and "Art 4 Peace Awards" (without the "s" in Art*s*), since, at least, as early as

2016.

11. I have devoted substantial time, effort, and resources to the development and

extensive promotion of the "Arts 4 Peace Awards" trademark and the services offered

thereunder.

12. As a result of my efforts, and my long term/widespread use of the mark[1], the

public has come to recognize and rely upon the "Arts 4 Peace Awards" mark as an

indication of the high quality, reliability, and trustworthiness associated with my brand.

"Arts 4 Peace Awards" enjoys a high degree of consumer recognition and has become

a famous mark.

### *The Defendant: Khurram Mohammed*

13. I first met Defendant sometime in 2015, but it was not until later in 2018 that I felt

comfortable doing business with Defendant.

---

[1] via internet, television, radio, print, unsolicited media coverage

14. Defendant appeared to share the same values as me and Defendant made certain representations to entice a business relationship. Defendant stated he knew people in Bollywood and knew an investor who wanted to invest in a business venture.

<u>*Defendant's Actions: The Saban Theater Event*</u>

15. Sometime around June 2018, Defendant and I verbally agreed to organize an event at the Saban Theater located in Beverly Hills.

16. Defendant and I also verbally agreed that I was entitled to 10% of the ticket sales from this *Saban Event.* Ticket sales also include monies from movies submitted for awards (there was a submission fee) and monies from people wanting to advertise at the event.

17. The event would be held by both my organization "Arts 4 Peace Awards," and Defendant's organization "Family Film Awards." The event was to be held on October 28, 2018. Issues began to arise prior to the event.

18. First, Defendant claimed he did not have the necessary funds to make the deposit securing the Saban venue. Defendant asked me to pay the $8,709.69 deposit, and that he (Defendant) would reimburse me later. Second, Defendant asked me to pay $2,300 for software, and an additional $3,000 to open a bank account which proceeds from ticket sales would be deposited. See Exhibit "B" attached to the complaint for a copy of the $3,000.00 check made out to "World Film Festival."

19. A few days prior to the event (October 28, 2018), the situation deteriorated further. Defendant told me he did not want to do the event, walked out on me, and turned around and directed the crowd, who purchased tickets to the scheduled event, to another venue in Cerritos.

20. I was unaware of this *Cerritos Event.*

21. Defendant used my "Arts 4 Peace Awards" for his event in Cerritos.

22. I believe Defendant collected approximately $250,000 from ticket sales.

23. Defendant appropriated the entirety of the ticket sales and funneled the monies to an account inaccessible to me. I believe the monies were funneled to an account held by Defendant in India. I did not receive any monies from the ticket sales of the *Saban Event.*

24. I, on the other hand, had to go through with the *Saban Event* and I incurred approximately $66,000 in debt as a result, consisting of $46,395.00 for the cost of the production and $19,492.48 for the cost of the venue itself. See Exhibit "F" attached to this Motion for Default Judgment for spreadsheets evidencing the cost of production and the venue cost itself, including a check for the deposit for the venue.

### *Defendant's Actions: The Trademark*

25. Since as early as 2018, Defendant has been using my mark, "Arts 4 Peace Awards," to promote Defendant's own business without my authorization and at my expense.

    a.  Defendant used "Arts 4 Peace Awards" to promote Defendant's own *Cerritos Event* described above;

    b.  Defendant has an online presence under the domain name "art4peaceawards.com." My domain name is art4peaceawards.org. The difference is in the suffix (Defendant's ".com" versus my ".org"). Defendant's domain "art4peaceawards.com" is registered through GoDaddy, Inc.

   c.  Defendant has been running advertisements online (including search

       engine) using "Arts 4 Peace Awards" or variations thereof.

   d.  Defendant has filed Articles of Incorporation under "Art World 4 Peace

       Award Los Angeles" Again, my organization is "Arts 4 Peace Awards."

       See Exhibit "C" attached to the complaint for a copy of Statement of

       Information and Articles of Incorporation retrieved from the California

       Secretary of State.

26. I believe that Defendant has been using my "Arts 4 Peace Awards" online and

other avenues to lure my established and potential clients away from me and towards

his own organization.

27. I have sent cease and desist letters to Defendant to no avail. Defendant

continues to use my trademark or similar variations thereof without authorization.


   I declare under the penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.

Executed this ___23___ day of February 2021, at ___Glendora___ , California.
            (date)                                  (city)


_____
**Munni Alvi Irone**
Declarant and Plaintiff

# EXHIBIT C
# COPY OF COMPLAINT THAT WAS SERVED
# COPY OF SUMMONS AND PROOF OF
# SERVICE OF SERVED DOCUMENTS

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Munni Alvi Irone<br>1646 Acorn Ln<br>Glendora, CA 91741<br><br>310-299-6035<br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES**

| In re:<br><br><br>Khurram Mohammed<br><br><br><br>Debtor(s). | CASE NO.:  2:20-bk-14552-ER<br><br>CHAPTER:  7<br><br><br>ADVERSARY NUMBER: 2:20-ap-01168-ER |
|---|---|
| Munni Alvi Irone<br><br><br><br>Plaintiff(s)<br>Versus<br>Khurram Mohammed<br><br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is **09/02/2020.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **October 13, 2020** |
| **Time:** | **10:00 AM** |
| **Hearing Judge:** | **Ernest M. Robles** |
| **Location:** | **255 E Temple St., Crtrm 1568, Los Angeles, CA 90012** |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 1                      **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>August 3, 2020</u>

By: <u>    "s/" Maria Evangelista    </u>

Deputy Clerk



---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                              Page 2                              **F 7004–1.SUMMONS.ADV.PROC**

## ATTACHMENT A
### Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Munni Alvi Irone | Khurram Mohammed<br>Fesi Khurram<br>Sunny Mohammad Fessi |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## ATTACHMENT A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (date) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____  _____  _____
*Date*                          *Printed Name*                                    *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                    **F 7004–1.SUMMONS.ADV.PROC**

FILED

JUL 30 2020

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

1    MUNNI ALVI IRONE, Creditor in Proper

2    1646 ACORN LANE

3    GLENDORA, CA 91741

4    (310) 299-6035

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                         WESTERN DIVISION

10

11                                    )    CASE NO: 20-14552

12                                    )    ADVERSARY No. _____

13                                    )
     MUNNI ALVI IRONE DBA ART 4 PEACE
14                                    )
     AWARDS
15                                    )
          Plaintiff,
16                                    )

17                                    )

18                                    )
          v.
19                                    )

20   1.KHURRAM MOHAMMED AKA FESI      )

21   KHURRAM AKA SUNNY MOHAMMED       )

22   FESSI
                                      )
23        Debtor
                                      )
24   _____ )

25

26

27                                ●

28                                    ◢

**FILED**

**JUL 30 2020**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

1

MUNNI ALVI IRONE

2

1646 ACORN LANE

3

GLENDORA, CA 91741

4

(310) 299-6035

5

6

7

UNITED STATES DISTRICT COURT

8

CENTRAL DISTRICT OF CALIFORNIA

9

WESTERN DIVISION

10

| | |
|---|---|
| 11 | **CASE NO:** |
| 12 | **ADVERSARY PROCEEDING** |

MUNNI ALVI IRONE DBA ART 4 PEACE

AWARDS

    Plaintiff,

v.

1.KHURRAM MOHAMMED AKA FESI

KHURRAM AKA SUNNY MOHAMMED

FESSI

    Defendant

_____

**1. TRADEMARK INFRINGEMENT UNDER 15 U.S.C. Sections 1114 and 1125(a);**

**2. TRADEMARK DILUTION UNDER 15 U.S.C. 1125(a);**

**3. UNFAIR COMPETITION AND FALSE ADVERTISING UNDER 15 U.S.C. Section 1125(a);**

**4. UNFAIR COMPETITION AND FALSE ADVERTISING UNDER CAL. BUS. & PROF. CODE Section 17200 and 17500, ET SEQ;**

**5. CONTRIBUTORY TRADEMARK INFRINGEMENT; AND**

**7. VICARIOUS TRADEMARK INFRINGEMENT**

26

**1.  PARTIES**

27

**PLAINTIFF:**

28

1

1    Munni Alvi Irone (Creditor), a creditor as an individual hereby complains as

2    follows:

3

4    **NATURE OF THE ACTION**

5    This is an adversary proceeding by Munni against the Debtor, to avoid

6    $325,000.00 in actual and constructive fraudulent pre-petition fund transfers made by

7    Creditor to the herein-involved Debtor.  This adversary proceeding is under

8    section 523(a)(2)(A).

9

10    **1. PARTIES**

11    **CREDITOR:**

12    I, Creditor Munni Alvi Irone, am an individual with principal place of residence at 1646

13    Acorn Lane; Glendora CA 91741. I founded my business Art4peaceawards in the

14    year 2016 and I operate it from 9641 Chareville Blvd.,Beverly Hills CA 90212.  I own

15    various websites  related to my Art4peaceawards business including, but not limited

16    to Art4peaceawards.com and  Art4peaceawardsbeverlyhills.com.  Trademark

17    Registration # 5834905. Please see Exhibit "A"

18    Plaintiff Munni Alvi Irone, complains and alleges against:

19

20    **Debtor:**

21

22    1. KHURRAM MOHAMMED AKA FESI KHURRAM AKA SUNNY MOHAMMED FESI,

23    an individual;

24    **2. FACTUAL BACKGROUND**

25

26    .ART4PEACEAWARDS   Business and the ART4PEACEAWARDS Trademark

27

28

1  As a result of Plaintiff's long-term and widespread use of the Arts 4 Peace Awards

2  mark in the United States via Internet, television, radio, and print advertising, and

3  continuous and unsolicited media coverage, the Arts 4 Peace Awards mark enjoys a

4  high degree of consumer recognition and has become a famous mark.

5
6     2.  Since at least as early as 2016, Plaintiff has continuously used the highly
      distinctive
7

8  trademark Arts 4 Peace Awards to market, schedule and hold artists awards events

9  throughout California, United States and worldwide.  Plaintiff's devoted substantial

10 time, effort, and resources to the development and extensive promotion of the Arts 4

11 Peace Awards trademark and the services offered thereunder. As a result of

12 Plaintiff's efforts, the public has come to recognize and rely upon the Art 4 Peace

13 Awards mark as an indication of the high quality, reliability and trustfulness

14 associated with Plaintiff's brand.

15
16    3.  Plaintiff met Defendant Khurram Mohammed (Mr. Mohammed) sometime in
      the
17

18 year 2015 and after meeting him, did not see him until sometime in the year 2016

19 when he brought a professional dancer to an event Plaintiff held.  Again, Plaintiff did

20 not see Defendant until another event Plaintiff held in 2018 and by then Plaintiff felt

21 comfortable to do business with Mr. Mohammed, since he appeared to be a very

22 orthodox Muslim man. Mr. Muhammed stated he knew people in the Bollywood

23 industry and that he had an investor that wanted to invest in a business venture

24 $150,000.00 dollars.  Sometime around June 2018 Mr. Mohammed and Plaintiff

25 VERBALLY agreed to work together and book a the Saban Theater located at 8440

26 Wilshire Blvd.,Beverly Hills, California as the venue for an event to be held by their

27 organizations Art World 4 Peace awards (Plaintiff's organization) and Family Film

28

1  Awards (Mr. Mohammed's organization).  Apparently Mr. Mohammed did not have

2  the funds for the deposit to rent the herein-mentioned venue and asked Plaintiff to

3  pay the $6,000.00 deposit and he would reimburse her later. Then Mr. Mohammed

4  asked Plaintiff to pay $3,000.00 deposit to open a bank account  with for the event

5  fund ticket sale proceeds to be deposited in. Also, Mr. Mohammed asked Plaintiff for

6  $2,300.00 loan to buy some computer software. *Please See s* The event was to be held on

7  October 28, 2018; however, a few days before the event, Mr. Mohammed told

8  Plaintiff she didn't want to do the event, walked out on Plaintiff and turned around and

9  directed the crowd who purchased tickets to the scheduled event to another venue in

10 Cerritos California.  Mr. Mohammed used my organization's name (Art 4 Peace

11 Awards for his event in Cerritos and he funneled all ticket purchase collected funds to

12 an account in India.  He collected over $250,000.00 dollars from the ticket sale for

13 that event and left me a $75,000.00 dollar debt since I still had to go through the

14 scheduled event at the Saban Theater.  I had to pay out of pocket for the theater

15 rental and all other incurred expenses. *Please See Exhibit B*

16

17 4.  Since early as October 2018, Defendant Mr. Mohammed has been using .

18 Plaintiff's  organization's name (Art 4 Peace Awards) to promote his business. He

19 has an online page by the name of Art4peaceawards.com and other pages with my

20 organization's name, he is using my it illegally for his gain.  On information and belief,

21 Defendant Mr. Mohammed has been using Plaintiff's mark online and other avenues

22 which directly compete with Plaintiff's organization. Please see exhibit "B"

23 5.  Plaintiff brings this action as a result of Mr. Mohammed's fraudulent and unfair

24 business practices, he has engaged in a pattern and practice of using my

25 organization's name based upon misrepresentation to lure my established and

26 potential clients to his organization.   Because of this illicit practice, Mr. Mohammed

27 has obtained large, wrongful profits at Plaintiff's expense.

28 Unauthorized use of Art 4 Peace Awards in Internet Advertising

4

1   On information and belief, Defendants are partners and they are promoting

2   and using online Plaintiff's mark Art 4 Peace Awards  and different similar variations

3   of this mark which directly compete against Plaintiff's organization.

4   Defendants have been routinely using Plaintiff's Art 4 Peach Awards trademark,

5   and confusingly similar variations thereof, in the header and text of the resulting spon

6   sored link that appear when one types in "Art 4 Peace Awards" or a variation thereof

7   as a search term in an Internet search engine. Please see Exhibit 'C'"

8       In addition to running advertisements that confuse Plaintiff's current and

9   prospect clients regarding the source of the online websites featuring Plaintiff's mark,

10  Defendants run advertisements that dilute and tarnish Plaintiff's mark and the

11  reputation of Plaintiff and her services.

12

13      Plaintiff sent demand letters to Defendants informing them of Plaintiff's

14  valuable trademark rights and demanding that they cease all use of the Art 4 Peace

15  Awards trademark. As of this date, Defendants continue to use Plaintiff's trademark,

16  and confusingly similar variations of it without authorization. Defendants' failure to

17  comply with Plaintiff's demands demonstrates a deliberate intent to continue

18  wrongfully competing with Plaintiff and to willfully infringe Plaintiff's rights in the Art 4

19  Peace Awards trademark.

20  On information and belief, the actions of all herein-included Defendants described

21  within the content of this Complaint were and continue to be deliberate and willful.

22

23              **FIRST CAUSE OF ACTION**

24      **(FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C.**

25      **Sections 1114 and 1125(a) against all Defendants)**

26  The Defendants actions described above and specifically, without limitation,

27  their unauthorized use of the Art 4 Peace Awards trademark, and confusingly similar

28

5

1    variations thereof, in commerce to advertise, promote, market, and sell tickets for

2    awards events throughout the United States, including California, constitute

3    trademark infringement in violation of 15 U.S.C. Sections 1114 and 1125(a).

4            The actions of Defendants, if not enjoined, will continue.  Plaintiff has suffered

5    and continues to suffer damages in an amount to be proven at trial consisting of,

6    among other things the following:

7    1.  Loss of income in the amount of around $250,000.00 dollars when

8    Defendant Khurram Mohammed transferred to a bank in India the tickets funds

9    collected  for the October 2018 awards event.

10

11   2.  Credit card debt in the amount of $75,000.00 dollars since Defendant Khurram

12   Mohammed walked out  on Plaintiff for  the October 2018 event and took all the

13   collected funds some of the guests.

14   3.  Loss of income in an unknown amount for other awards events Defendants have

15   been holding using Plaintiff's trademark "Art 4 Peace Awards" and variation names

16   of the mark.

17   4.  Plaintiff's organization has been affected by Defendants' deceptive practices of

18   using Plaintiff's mark since prospect clients are being directed to Defendants' online

19

20   pages and advertising instead of going to Plaintiff's online page and advertising .

21   5.  Profits made by Defendants on the use of Plaintiff's mark.

22   6.  Expenses incurred to pursue this lawsuit, receipts shall be provided in Court

23   7.  Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the

24   actions of Defendants were undertaken willfully and with the intention of causing

25   confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to

26   recover additional treble damages and reasonable attorney fees pursuant to 15

27   U.S.C. Section 1117.

28

1
2   On information and belief, the actions of all herein-included Defendants described

    within the content of this Complaint were and continue to be deliberate and willful.

3                        **SECOND CAUSE OF ACTION**

4   **(Federal Trademark Dilution under 15 U.S.C. Section 1125(c) against all
    Defendants)**

5

6        The Defendants actions described above and specifically, without limitation,

7   their unauthorized use of the Art 4 Peace Awards trademark, and confusingly similar

8   variations thereof, in commerce to advertise, promote, market, and sell tickets for

9   awards events throughout the United States, including California, constitute Federal

10  Trademark Dilution in violation of 15 U.S.C. Sections 1114 and 1125(c).

11       The actions of Defendants, if not enjoined, will continue.  Plaintiff has suffered

12  and continues to suffer damages in an amount to be proven at trial consisting of,

13  among other things the following:

14
15  1.  Loss of income in the amount of around $250,000.00 dollars when

16  Defendant Khurram Mohammed transferred to a bank in India the tickets funds

17  collected  for the October 2018 awards event.

18  2.  Credit card debt in the amount of $75,000.00 dollars since Defendant Khurram

19  Mohammed walked out  on Plaintiff for  the October 2018 event and took all the

20  collected funds some of the guests.

21  3.  Loss of income in an unknown amount for other awards events Defendants have

22  been holding using Plaintiff's trademark "Art 4 Peace Awards" and variation names

23  of the mark.

24
25  4.  Plaintiff's organization has been affected by Defendants' deceptive practices of

26  using Plaintiff's mark since prospect clients are being directed to Defendants' online

27  pages and advertising instead of going to Plaintiff's online page and advertising .

28

5. Profits made by Defendants on the use of Plaintiff's mark.

6. Expenses incurred to pursue this lawsuit, receipts shall be provided in Court

7. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the

actions of Defendants were undertaken willfully and with the intention of causing

confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to

recover additional treble damages and reasonable attorney fees pursuant to 15

U.S.C. Section 1117.

On information and belief, the actions of all herein-included Defendants described

within the content of this Complaint were and continue to be deliberate and willful.

### THIRD CAUSE OF ACTION

**(Federal Unfair Competition and False Advertising under 15 U.S.C. Sections 1125(a) against all Defendants)**

The Defendants actions described above and specifically, without limitation,

their unauthorized use of the Art 4 Peace Awards trademark, and confusingly similar

variations thereof, in commerce to advertise, promote, market, and sell tickets for

awards events throughout the United States, including California, constitute Federal

Unfair Competition and False Advertising in violation of 15 U.S.C. Section 1125(a).

The actions of Defendants, if not enjoined, will continue.  Plaintiff has suffered

and continues to suffer damages in an amount to be proven at trial consisting of,

among other things the following:

1. Loss of income in the amount of around $250,000.00 dollars when

Defendant Khurram Mohammed transferred to a bank in India the tickets funds

collected  for the October 2018 awards event.

2. Credit card debt in the amount of $75,000.00 dollars since Defendant Khurram

Mohammed walked out  on Plaintiff for  the October 2018 event and took all the

1

collected funds some of the guests.

2

3. Loss of income in an unknown amount for other awards events Defendants have

3

been holding using Plaintiff's trademark "Art 4 Peace Awards" and variation names

4

of the mark.

5

4. Plaintiff's organization has been affected by Defendants' deceptive practices of

6

using Plaintiff's mark since prospect clients are being directed to Defendants' online

7

pages and advertising instead of going to Plaintiff's online page and advertising .

8

5. Profits made by Defendants on the use of Plaintiff's mark.

9

6. Expenses incurred to pursue this lawsuit, receipts shall be provided in Court

10

7. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the

11

actions of Defendants were undertaken willfully and with the intention of causing

12

13

confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to

14

recover additional treble damages and reasonable attorney fees pursuant to 15

15

U.S.C. Section 1117.

16

On information and belief, the actions of all herein-included Defendants described

17

within the content of this Complaint were and continue to be deliberate and willful.

18

### FOURTH CAUSE OF ACTION

19

20

**(Statutory Unfair  Competition and False Advertising under   California
Business and Professions Code Sections 17200 and 17500 et seq. Against all
Defendants)**

21

22

The Defendants actions described above and specifically, without limitation,

23

their unauthorized use of the Art 4 Peace Awards trademark, and confusingly similar

24

variations thereof, in commerce to advertise, promote, market, and sell tickets for

25

awards events throughout the United States, including California, constitute Federal

26

Statutory Unfair Competition and False Advertising under California Business and

27

Professions Code Sections 17200 and 17500 et seq against all Defendants.

28

The actions of Defendants, if not enjoined, will continue.  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things the following:

1.  Loss of income in the amount of around $250,000.00 dollars when Defendant Khurram Mohammed transferred to a bank in India the tickets funds collected  for the October 2018 awards event.

2.  Credit card debt in the amount of $75,000.00 dollars since Defendant Khurram Mohammed walked out  on Plaintiff for  the October 2018 event and took all the collected funds some of the guests.

3.  Loss of income in an unknown amount for other awards events Defendants have been holding using Plaintiff's trademark "Art 4 Peace Awards" and variation names of the mark.

4.  Plaintiff's organization has been affected by Defendants' deceptive practices of using Plaintiff's mark since prospect clients are being directed to Defendants' online pages and advertising instead of going to Plaintiff's online page and advertising .

5.  Profits made by Defendants on the use of Plaintiff's mark.

6.  Expenses incurred to pursue this lawsuit, receipts shall be provided in Court

7.  Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendants were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorney fees pursuant to 15 U.S.C. Section 1117.

On information and belief, the actions of all herein-included Defendants described within the content of this Complaint were and continue to be deliberate and willful.

### **FIFTH CAUSE OF ACTION**

**(Contributory Trademark Infringement against all Defendants )**

1

2          The Defendants actions described within this Complaint  and specifically,

3    without limitation, their unauthorized use of the Art 4 Peace Awards trademark, and

4    confusingly similar variations thereof, in commerce to advertise, promote, market,

5    and sell tickets for awards events throughout the United States, including California,

6    constitute Federal Unfair Competition and False Advertising in violation of 15 U.S.C.

7    Section 1125(a).

8          The actions of all Defendants described within the context of this Complaint,

9
     and specifically, without limitation, their knowledge, participation, and inducement of
10
     the unauthorized use of the Art 4 Peace Awards trademark, and confusingly similar
11
     variations thereof, in commerce to advertise, market and promote awards events
12

13   throughout the United States and California, constitute contributory trademark

14   infringement in violation of Federal Law and common law of the State of California.

15          The actions of Defendants, if not enjoined, will continue.  Plaintiff has suffered

16   and continues to suffer damages in an amount to be proven at trial consisting of,

17   among other things, diminution in business associated with the Art 4 Peace Awards

18   mark, and injury to Plaintiff's business.  Additionally, Plaintiff has suffered the
19
     following losses:
20

21   1. Loss of income in the amount of around $250,000.00 dollars when

22   Defendant Khurram Mohammed transferred to a bank in India the tickets funds

23   collected  for the October 2018 awards event.

24   2. Credit card debt in the amount of $75,000.00 dollars since Defendant Khurram

25   Mohammed walked out  on Plaintiff for  the October 2018 event and took all the

26   collected funds some of the guests.

27
     3. Loss of income in an unknown amount for other awards events Defendants have
28

1    been holding using Plaintiff's trademark "Art 4 Peace Awards" and variation names

2    of the mark.

3    4. Plaintiff's organization has been affected by Defendants' deceptive practices of

4    using Plaintiff's mark since prospect clients are being directed to Defendants' online

5    pages and advertising instead of going to Plaintiff's online page and advertising .

6    5. Profits made by Defendants on the use of Plaintiff's mark.

7    6. Expenses incurred to pursue this lawsuit, receipts shall be provided in Court

8    7. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the

9    actions of Defendants were undertaken willfully and with the intention of causing

10   confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to

11   recover additional treble damages and reasonable attorney fees pursuant to 15

12   U.S.C. Section 1117.

13

14   On information and belief, the actions of all herein-included Defendants described

15   within the content of this Complaint were and continue to be deliberate and willful.

16   <u>**SIXTH CAUSE OF ACTION**</u>

17   **(Vicarious Trademark Infringement against Art 4 Peace Awards)**

18   Plaintiff **re allege** and incorporate herein the allegations contained in this

19   Complaint against all Defendants.

20

21   The Defendants actions described within this Complaint and specifically,

22   without limitation, their unauthorized use of the Art 4 Peace Awards trademark, and

23   confusingly similar variations thereof, in commerce to advertise, promote, market,

24   and sell tickets for awards events throughout the United States, including California,

25   constitute Federal Unfair Competition and False Advertising in violation of 15 U.S.C.

26   Section 1125(a).

27   The actions of all Defendants described within the context of this Complaint,

28

1  and specifically, without limitation, their knowledge, participation, and inducement of

2  the unauthorized use of the Art 4 Peace Awards trademark, and confusingly similar

3  variations thereof, in commerce to advertise, market and promote awards events

4  throughout the United States and California, constitute contributory trademark

5  infringement in violation of Federal Law and common law of the State of California.

6      The actions of Defendants, if not enjoined, will continue.  Plaintiff has suffered

7  and continues to suffer damages in an amount to be proven at trial consisting of,

8  
9  among other things, diminution in business associated with the Art 4 Peace Awards

10  mark, and injury to Plaintiff's business.  Additionally, Plaintiff has suffered the

11  following losses:

12  1. Loss of income in the amount of around $250,000.00 dollars when

13  Defendant Khurram Mohammed transferred to a bank in India the tickets funds

14  collected for the October 2018 awards event.

15  2. Credit card debt in the amount of $75,000.00 dollars since Defendant Khurram

16  Mohammed walked out on Plaintiff for the October 2018 event and took all the

17  collected funds some of the guests.

18  
19  3. Loss of income in an unknown amount for other awards events Defendants have

20  been holding using Plaintiff's trademark "Art 4 Peace Awards" and variation names

21  of the mark.

22  4. Plaintiff's organization has been affected by Defendants' deceptive practices of

23  using Plaintiff's mark since prospect clients are being directed to Defendants' online

24  pages and advertising instead of going to Plaintiff's online page and advertising .

25  5. Profits made by Defendants on the use of Plaintiff's mark.

26  6. Expenses incurred to pursue this lawsuit, receipts shall be provided in Court

27  7. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the

28

1

this Complaint were and continue to be deliberate and willful.

2

### PRAYER FOR RELIEF

3

WHEREFORE, plaintiff prays judgment against Debtor as follows:

4

1.      That Creditor be granted inductive relief under 15 U.S.C. Sections 1051 et

5

seq.; California Business and Professions Code Sections 17200 and 17500 e. seq.;

6

and Federal Law and California common law of contributory trademark infringement

7

and vicarious trademark infringement; specifically, that Debtor and all of his

8

respective officers, agents, servants, representatives, employees, attorneys, and all

9

other persons acting in concert with them be enjoined from:

10

2.      Using the Art 4 Peace Awards mark, or any mark confusingly similar to the Art

11

4 Peace Awards mark, in connection with the marketing, promotion, advertising, sale,

12

distribution of any events products or events services of any kind.  or indirectly*

13

engaging in false advertising or promotions of Art 4 Peace Awards products and/or

14

events services of any kind.

15

3.      Making or inducing others to make any false, misleading or deceptive

16

statement of fact, or representation of fact in connection with the promotion and

17

advertisement of

18

4.      For general damages in the sum of $250,000.00 dollars;

19

5.      For damages in the sum of  $100,000.00 dollars;

20

6.      For punitive damages in the sum of $100,000.00 dollars;

21

7.      For any and all costs of suit incurred herein; and

22

23

8.      For the Trustee to open an investigation against Debtor and criminal

24

charges be brought up against him  for his fraudulent and deceptive activity

25

against me and others.

26

8. b  ` For such other and further relief as the court may deem proper.

27

28

1

DATED: 7/28/20

3    MUNNI IRONE, PLAINTIFF IN PRO PER

4

5

6    **VERIFICATION**

7    I, Munni Irone, am a Plaintiff in the above-entitled action. I have

8    read the foregoing Complaint and know the contents thereof.

9    The same is true of my own knowledge, except as to those

10   matters which are therein alleged on information and belief, and

11   as to those matters, I believe it to be true.

12

13   I declare under penalty of perjury that the foregoing is true and

14   correct and that this declaration was executed at Pomona,

15   California.

16

17

18

19   DATED: 7/28/20

20

21

22

23

24

25

26

27

28

15

Exhibit "A"

1 of 3005



# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Feb 6 03:22:22 EST 2020*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*

# ARTS 4 PEACE AWARDS

| | |
|---|---|
| **Word Mark** | **ARTS 4 PEACE AWARDS** |
| **Goods and Services** | IC 041. US 100 101 107. G & S: Organisation of competitions and awards ceremonies in the fields of art, costumes, film, fashion, and culture; hosting and organising social entertainment events in the nature of award ceremonies; entertainment services, namely, conducting entertainment shows relating to achievement awards in the fields of art, costumes, film, fashion, and culture; entertainment services relating to the granting of awards, namely, arranging and conducting special events in the nature of award ceremonies for social entertainment purposes; Organizing cultural and arts events. FIRST USE: 20160100. FIRST USE IN COMMERCE: 20160100. |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 88328112 |
| **Filing Date** | March 6, 2019 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | May 28, 2019 |
| **Registration Number** | 5834905 |
| **Registration Date** | August 13, 2019 |
| **Owner** | (REGISTRANT) ARTS 4 PEACE AWARDS CORPORATION CALIFORNIA 1646 ACORN LANE GLENDORA CALIFORNIA 91741 |
| **Attorney of Record** | Alex Patel |

Case 2:20-ap-01168-ER    Doc 35    Filed 02/26/21    Entered 02/26/21 06:36:27    Desc
Case 2:20-ap-01168-ER    Main Document    Filed 07/30/20    Page 45 of 62    07/30/20 13:07:46    Desc
Case 2:20-cv-01841-JFW-PVC    Document 9    Filed 08/14/20    Page 21 of 25    Page ID #:90
Main Document    Page 18 of 23

Exibit "D"



Case 2:20-ap-01168-ER   Doc 35   Filed 02/26/21   Entered 02/26/21 06:36:27   Desc
Case 2:20-ap-01168-ER   Main Document 9   Filed 07/30/20   Page 19 of 23   Desc
Case 2:20-cv-01841-JFW-PVC   Document 9   Filed 03/14/20   Page 22 of 25   Page ID #:91
Main Document

Exhibit "6"
1 of 3 PSS

**S**

# State of California
## Secretary of State

### Statement of Information
(Domestic Stock and Agricultural Cooperative Corporations)
FEES (Filing and Disclosure): $25.00.
If this is an amendment, see instructions.
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

GB43794

# FILED

In the office of the Secretary of State
of the State of California

**DEC-17 2019**

1. **CORPORATE NAME**
ART WORLD 4 PEACE AWARD LOS ANGELES

2. **CALIFORNIA CORPORATE NUMBER**
C4197910

*This Space for Filing Use Only*

**No Change Statement** (Not applicable if agent address of record is a P.O. Box address.  See instructions.)

3. **If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.**
☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check this box and proceed to Item 17.

**Complete Addresses for the Following** (Do not abbreviate the name of the city.  Items 4 and 5 cannot be P.O. Boxes.)

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | 640 E IMPERIAL AVE ,UNIT 8, EL SEGUNDO, CA 90245 | | | |
| 5. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | 640 E IMPERIAL AVE ,UNIT 8, EL SEGUNDO, CA 90245 | | | |
| 6. MAILING ADDRESS OF CORPORATION, IF DIFFERENT THAN ITEM 4 | KHURRAM MOHAMMED   640 E IMPERIAL AVE ,UNIT 8, EL SEGUNDO, CA 90245 | | | |

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers.  A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 7. CHIEF EXECUTIVE OFFICER/ KHURRAM MOHAMMED | 640 E IMPERIAL AVE ,UNIT 8, EL SEGUNDO, CA 90245 | | | |
| 8. SECRETARY KHURRAM MOHAMMED | 640 E IMPERIAL AVE ,UNIT 8, EL SEGUNDO, CA 90245 | | | |
| 9. CHIEF FINANCIAL OFFICER/ KHURRAM MOHAMMED | 640 E IMPERIAL AVE ,UNIT 8, EL SEGUNDO, CA 90245 | | | |

**Names and Complete Addresses of All Directors, Including Directors Who are Also Officers** (The corporation must have at least one director. Attach additional pages, if necessary.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 10. NAME KHURRAM MOHAMMED | 640 E IMPERIAL AVE ,UNIT 8, EL SEGUNDO, CA 90245 | | | |
| 11. NAME | ADDRESS | CITY | STATE | ZIP CODE |
| 12. NAME | ADDRESS | CITY | STATE | ZIP CODE |

13. NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY:

**Agent for Service of Process**  If the agent is an individual, the agent must reside in California and Item 15 must be completed with a California street address, a P.O. Box address is not acceptable.  If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 15 must be left blank.

14. NAME OF AGENT FOR SERVICE OF PROCESS
KHURRAM MOHAMMED

| 15. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 640 E IMPERIAL AVE ,UNIT 8, EL SEGUNDO, CA 90245 | | | |

**Type of Business**

16. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION
FILM FESTIVALS AND AWARDS

17. BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE CALIFORNIA SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |
|---|---|---|---|
| 12/17/2019 | KHURRAM  MOHAMMED | CEO | |

4197910

*Exhibit "C"*
*2 of 3 pgs*

**ARTICLES OF INCORPORATION**

OF

**Art World 4 Peace Award Los Angeles**

**FILED**
Secretary of State
State of California
SEP 2 5 2018

1 pc

1.  The name of the corporation is Art World 4 Peace Award Los Angeles

2.  The purpose of the corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California other than the banking business, the trust company business or the practice of a profession permitted to be incorporated by the California Corporations Code.

3.  The name of this corporation's initial agent for service of process is:

Legalzoom.com, Inc.

4.  The initial street address of this corporation is 640 E. Imperial Ave. #8, El Segundo, California 90245.

5.  a) The corporation is authorized to issue two classes of shares, each with $0.05 as par value, designated "Common Stock" and "Preferred Stock", respectively. The number of shares of Common Stock authorized to be issued is 10,000,000 and the number of shares of Preferred Stock authorized to be issued is 1,500,000.

b) The Preferred Stock may be issued from time to time in such number of series as the Board of Directors may determine. The Board of Directors is authorized to determine or alter the rights, preferences, privileges and restrictions granted to or imposed upon any wholly unissued series of Preferred Stock, and to fix the number of shares of any series of Preferred Stock and the designation of any such series of Preferred Stock. Subject to compliance with applicable protective voting rights which may be granted to the Preferred Stock or any series of Preferred Stock in Certificates of Determination or the corporation's Articles of Incorporation, the Board of Directors is also authorized, within the limits and restrictions stated in any resolution or resolutions of the Board of Directors originally fixing the number of shares constituting any series, to increase or decrease (but not below the number of shares of such series then outstanding) the number of shares of any series subsequent to the issue of the shares of that series. In case the number of shares of any series shall be so decreased, the shares constituting such decrease shall resume the status which they had prior to the adoption of the resolution originally fixing the number of shares of such series.

6.  The liability of the directors of the corporation for monetary damages shall be eliminated to the fullest extent permissible under California law.

Case 2:20-ap-01168-ER    Doc 35    Filed 02/26/21    Entered 02/26/21 06:36:27    Desc
Case 2:20-ap-01168-ER    Main Document    Page 48 of 62    Entered 07/30/20 13:07:46    Desc
Case 2:20-cv-01841-JFW-PVC    Document 2    Filed 02/11/20    Page 24 of 25    Page ID #:93

4197910

Exhibit "C"
3 of 3 pgs

7.   This corporation is authorized to provide indemnification of agents (as defined in Section 317 of the California Corporations Code) through bylaw provisions, agreements with agents, vote of shareholders or disinterested directors or otherwise, in excess of the indemnification otherwise permitted by Section 317 of the California Corporations Code, subject only to the applicable limits set forth in Section 204 of the California Corporations Code with respect to actions for breach of duty to the corporation and its shareholders.

8.   Any repeal or modification of the foregoing provisions of Sections 6 and 7 by the shareholders of this corporation shall not adversely affect any right or protection of an agent of this corporation existing at the time of such repeal or modification.

I, the undersigned, as the sole incorporator of the corporation, declare that I am the person who executed these Articles of Incorporation, which execution is my act and deed.

Executed on 9/21/2018.

_____
LegalZoom.com, Inc., Incorporator
By:  Cheyenne Moseley, Assistant Secretary

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS Monni AliIrone | DEFENDANTS Khurram Mohammed AKA Fesi Khurram |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) Nope | ATTORNEYS (If Known) Unk. |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

*I was manipulated into fraudulent business deal and Scammed out of at least $325,000.⁰⁰*

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☒ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property | |
| **FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner – §363(h) | **FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge –§727(c),(d),(e) | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation | **FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br>**Other**<br>☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ *325,000.⁰⁰* |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR _Khorram Mohammed_ | BANKRUPTCY CASE NO. _2020bk14552_ | |
| DISTRICT IN WHICH CASE IS PENDING _Central — Los Angeles_ | DIVISION OFFICE _Los Angeles_ | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF _Munni Alvi Irone_ | DEFENDANT _Khorram Mohammed_ | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE _7/24/2020_ | PRINT NAME OF ATTORNEY (OR PLAINTIFF) _Munni Alvi Irone_ | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# EXHIBIT D

# Copy of Proof of Service Filed
# evidencing service of pleadings on Defendant

| | FOR COURT USE ONLY |
|---|---|
| | FILED<br><br>OCT 13 2020<br><br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:_____ Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA –** _Los Angeles_ **DIVISION**

| Name of Debtor:<br><br>MUHAMMAD<br><br>KHURRAM | CASE NO.: 2 20-BK-14552-ER<br>CHAPTER: ☒ 7 ☐ 11 ☐ 12 ☐ 13<br>ADVERSARY NO.: _____<br>(If applicable) |
|---|---|
| | **TITLE OF DOCUMENT (specify):**<br>PROOF OF SERVICE<br>OF DOCUMENT<br><br>_(This cover sheet is for use by filers when the case name, number, and other information is not included on the first page of a filing)_ |

_Please Print_

Name of person filing this document: Romulo Canizales

Street Address: 1617 West 24st LA CA 90007

Telephone number: 13908 213 9084329

Email Address: romulo07@Hotmail.com

The filer of this document is  ☐ the Debtor ☐ a creditor

☒ other (specify): Server

Date: Aug 11 2020

_____
Signature of person filing this document

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California

_July 2015_                                             **FILED.DOCUMENT.COVER.SHEET**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1617  24th  Street  Los Angeles CA 90007

A true and correct copy of the foregoing document entitled (specify): _____

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) Aug 4 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) Aug 4 2020 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Agu 4 11 2020 | ROMULO CANIZALES | _____ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

June 2012

**EXHIBIT E**
**PROPOSED ORDER**

1  Sevan Gorginian, Esq. (SBN 298986)
2  **Law Office of Sevan Gorginian**
   450 North Brand Boulevard, Suite 600
3  Glendale, California 91203
   **Tel**: 818.928.4445 | **Fax**: 818.928.4450
4  **Email**: sevan@gorginianlaw.com

5  Attorney for Plaintiff

6

7              **UNITED STATES BANKRUPTCY COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9                **LOS ANGELES DIVISION**

10

11  In re:                              )   Case No.: 2:20-bk-14552-ER
                                        )
12  Khurram Mohammed,                   )   Chapter: 7
                                        )
13              Debtor(s).              )   Adv. No.: 2:20-ap-01168-ER
                                        )
14  _____   )
                                        )
15  Munni Alvi Irone, dba Arts 4 Peace )   **[PROPOSE] ORDER GRANTING
    Awards,                            )   PLAINTIFF'S MOTION FOR DEFAULT
16                                      )   JUDGMENT**
                                        )
17              Plaintiff,              )
                                        )
18       v.                             )   Noticed pursuant to LBR 9013-1(o)
                                        )
19  Khurram Mohammed aka Fesi Khurram  )
    aka Sunny Mohammad Fessi,          )
20                                      )
                                        )
21              Defendant.              )
                                        )
22  _____   )

23       On February **---**, 2021, Plaintiff, Munni Alvi Irone, dba Arts 4 Peace Awards, filed

24  *Plaintiff's Motion for Default Judgment Under LBR 7055-1* (the "Motion") [Dkt. No. ---].

25  The Motion was filed on a negative-notice basis, pursuant to the procedure set forth in

26  Local Bankruptcy Rule 9013-1(o). Appearances were noted on the record.

27

28

                                    - 1 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Court, having reviewed the Motion, *Defendant's Opposition to the Motion* [Dkt. No. ---]., Plaintiff's *Reply to Defendant's Opposition[*[Dkt. No. ---], notice being proper and good cause appearing therefor,

**HEREBY ORDERS** that:

1.  The Motion is Granted; and

2.  A separate judgment will be entered against the Defendant for the following:

    a.  For a judgment that the debt owed to Plaintiff by Defendant is nondischargeable under 11 U.S.C. § 523(a)(2), (4), or (6), the total amount of which is unascertainable at the moment;

    b.  For a judgment in favor of Plaintiff and against Defendant for unjust enrichment;

    c.  For a judgment imposing a constructive trust on any and all property relating to Plaintiff's "Arts 4 Peace Awards" trademark, business name, and domain name appropriated by Defendant, in favor of Plaintiff;

    d.  For a judgment directing GoDaddy, Inc. to transfer the domain art4peaceawards.com to Plaintiff;

    e.  For a judgment enjoining Defendant from continued unauthorized use of Plaintiff's "Arts 4 Peace Awards" trademark, business name, and domain name; and

    f.  For such other relief as the Court deems just and proper.

###

- 2 -

**EXHIBIT F
SABAN THEATER
COSTS**

# Beverly Hills Performing Arts Center

Sterling Venue Ventures ***** Canyon @ The Saban ***** Saban Theatre

| Company Name & Contact: Art 4 Peace Awards | Date: 28-Oct-18 | Day: Sunday | Time In: Noon Time Out: 11pm |
|---|---|---|---|
| Event Name: Art 4 Peace Awards | Event Description: Award Show | | Ticketed? yes Attendance: 1500 |

| Fee Schedule | Rate: | Additional Notes: | Total: |
|---|---|---|---|
| Rental License Fee | $10,500 | | $ 10,000.00 |
| **Facilities** | | | |
| Building Overtime (After 10 Hrs) @ $250/Hr. | | | |
| VIP Room Rental (Downstairs for 75 PP) | $1,000 | | TBD |
| Bar Buyout | $5,000 | | |
| Utilities | $600 | | $ 600.00 |
| Stage Power Disconnects | $1,000 | | |
| **Lighting** | | | |
| Standard Conventional Lighting | $2,000 | | $ 2,000.00 |
| Moving Lights Package | $3,500 | | |
| **Audio** | | | |
| THX Surround Sound | $1,500 | | |
| Front of House (Main) | $2,000 | | $ 1,500.00 |
| On Stage Monitors | $2,000 | | $ 1,500.00 |
| **Video Projection / Recording** | | | |
| Video Projection Downstage Screen 42'x20' | $1,000 | | TBD |
| Video Projection Upstage Screen 16'x20' | $800 | | $ 800.00 |
| Christie Projector | $2,500 | | |
| **Cleaning** | | | |
| Event Cleaning | $800 | | $ 600.00 |
| VIP Room Cleaning (If used for catering) | $250 | | |
| Additional Trash Removal / Dumpster Rental | $350 | | |
| Confetti Cleanup | $375 | | |
| **Miscellaneous** | | | |
| Advertising | $750 | | |
| Parking Meters & Permits (Hamilton Ave) | $1,700 | no permits | |
| Green Room Hospitality | $500 | | |
| **Ticketing** | | | |
| Facility Fee | $5 | | |
| Printing Fee | $1 | | |
| Merchandise Split | 70/30 | | |
| | | **Total FEES:** | $ 17,000.00 |

| LABOR | Required | Rate | # of Staff | Hours | Rate PTEB | Total |
|---|---|---|---|---|---|---|
| Bathroom Attendants | 1 ea | $150.00 | 1 | flat rate | $150.00 | $ 150.00 |
| Porter | 1 ea | $150.00 | 1 | flat rate | $150.00 | $ 150.00 |
| Ushers | 1 per 75 | $20.00 | 2 | 4 | $28.40 | $ 227.20 |
| Security | 1 per 200 | $48.00 | 2 | 4 | $68.16 | $ 545.28 |
| Box Office | 1 per 500 | $25.00 | 1 | 4 | $35.50 | $ 142.00 |
| House Manager | 1 ea | $42.50 | 1 | 6 | $60.35 | $ 362.10 |
| Production Manager | 1 ea | $42.50 | 1 | 6 | $60.35 | $ 362.10 |
| StageHands & Loaders | as Needed | $32.50 | 2 | 6 | $46.15 | $ 553.80 |
| | | | | | **Total Labor:** | $ 2,492.48 |

**$6,432.52 = 33% Deposit Due Upon Signing**

| | |
|---|---|
| Total Fees: | $19,492.48 |
| Payment: | |
| **Balance Due:** | **$19,492.48** |

**Deposit**
**Non Refundable due at signing. 50% of balance due 30 days prior to event.**
**Full Payment required 10 days prior to load in.**

_____          _____
Sterling Venue Ventures, LLC                           Client Signature

* **By signing this Agreement, you are agreeing and to ALL Terms and Conditions**
  **of the BHPAC / Saban Theatre Contract.**
* **Make all checks payable to:  Sterling Venue Ventures, LLC**

| | |
|---|---|
| David secutiry | $6000 |
| Flowers | 500 |
| limosien | 500 |
| VIDEO GRAP | 6000 |
| MC TJ MAYOR | 500 |
| FOOD | 7000 |
| RED CARPET | 10000 |
| SOUND SYSTEM | 3000 |
| SHOW PRODUCER | 2500 |
| VIP LOGDING | 1545 |
| ALCOHOL | 3000 |
| PRINTER | 770 |
| TROPHIES | 4480 |
| BANNERS | 600 |

Case 2:20-ap-01168-ER   Doc 35   Filed 02/26/21   Entered 02/26/21 06:36:27   Desc
Main Document       Page 60 of 62
Case 2:20-ap-01168-ER   Doc 17-1   Filed 09/14/20   Entered 10/01/20 20:27:09   Desc Page 17 of 29
Pages 1 - 50 (Duplicate of attachment 1)    Page 23 of 50

| Site<br>VIEWPOINTE | Paid Date<br>20160503 | Serial<br>3019 | Routing<br>12104288 | Account<br>9610861826 | PC<br>000060 | Amount<br>8,709.69 | Sequence #<br>8116034055 | Ca |
|---|---|---|---|---|---|---|---|---|

Alunni Trone
P O iBox 536
Glendora, CA 91740-0536

HOPE ♥ LOVE ♥ LIFE          3019

16-24/1220 4448
9610861826

4/28/16

Pay to
the order of   Sterling Venue Ventures, LLC   | $ 8,709.69

Eight thousand seven hundred nine          Dollars

$69 cents.

Wells Fargo Bank, N.A.
California
wellsfargo.com   WWF

For  Serban. OC9 16/on

⑆122000247⑆ 9610861826⑈ 03019

Seq: 322
Batch: 189159
Date: 05/02/16

PAY TO THE ORDER OF
BANK OF AMERICA
FOR DEPOSIT ONLY
STERLING VENUE VENTURES LLC
325000447734

Copyright © 2002-06 Wells Fargo & Company. All rights reserved.

J8

2efaade588dc035a

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

450 North Brand Boulevard, Suite 600, Glendale, California 91203

A true and correct copy of the foregoing document entitled: **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT UNDER LBR 7055-1** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/25/2021 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 02/25/2021 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/25/2021 | Sevan Gorginian | /s/ Sevan Gorginian |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2017                                    Page 4                          **F 7055-1.2.DEFAULT.JMT.MOTION**

**<u>NEF</u>**

<u>United States Trustee (LA):</u> ustpregion16.la.ecf@usdoj.gov

<u>Elissa Miller (TR):</u>  CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;
C124@ecfcbis.com; ccaldwell@sulmeyerlaw.com

<u>Sevan Gorginian:</u> on behalf of Plaintiff Munni Alvi Irone, sevan@gorginianlaw.com
2486@notices.nextchapterbk.com